SEYFARTH SHAW LLP
Jonathan L. Brophy (SBN 245223)
E-mail: jbrophy@seyfarth.com
Jessica C. Koenig (SBN 340974)
E-mail: jkoenig@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
OPTUM SERVICES, INC. and CARY FANG,
erroneously named as CARY SANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE MARTINEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>OPTUM SERVICES, INC., a Delaware corporation; CARY SANG, an individual; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:26-cv-05227-SPG-MAR<br><br>**DEFENDANTS OPTUM SERVICES, INC.'S AND CARY FANG'S OPPOSITION TO PLAINTIFF STEPHANIE MARTINEZ'S MOTION TO REMAND ACTION TO STATE COURT PURSUANT TO 28 U.S.C. § 1447(c)**<br><br>Date:        July 1, 2026<br>Time:        1:30 p.m.<br>Courtroom:   5C<br><br>Complaint Filed:  April 8, 2026<br>Removal Filed:    May 14, 2026 |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

326427591v.4

## **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. PROCEDURAL BACKGROUND ........................................................................1

III. PLAINTIFF FAILED TO MEET AND CONFER ...............................................3

IV. LEGAL STANDARD ...........................................................................................3

  A. Plaintiff Concedes That Defendants Complied With All Procedural Requirements For Removal Of This Action ...............................................4

  B. Plaintiff Concedes That Complete Diversity Exists Between Plaintiff And Optum Services And That The Amount In Controversy Exceeds $75,000 ......................................................................................................4

  C. Non-Diverse, Individual Defendant Fang Is A Sham Defendant Because The Labor Code Violations Alleged Against Him Are Not Viable .......................................................................................................4

   1. Plaintiff Did Not Allege Facts Sufficient To Establish Fang Is A Director, Officer, Or Managing Agent Of Optum ..........................5

   2. Plaintiff Failed To Allege That Defendant Fang Was Personally Involved In Violations of the California Labor Code .....................6

   3. The Fundamental Factual Defects in Plaintiff's Complaint Cannot Be Cured By An Amendment Because Defendants Have Demonstrated Fang Was Fraudulently Joined ......................8

V. CONCLUSION .....................................................................................................9

i

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

326427591v.4

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abdelmalak v. ReOpen Diagnostics, LLC*,
2024 WL 4188284 (C.D. Cal. Sept. 13, 2024) ...................................................7

*Bell Atl. Corp v. Twombly*,
550 U.S. 544 (2007) ...........................................................................................5

*Gaus v. Miles, Inc.*,
980 F.2d 564 (9th Cir. 1992) .............................................................................8

*McCabe v. General Foods Corp.*,
811 F.2d 1336 (9th Cir. 1987) .......................................................................3, 8

*Morris v. Princess Cruises, Inc.*,
236 F.3d 1061 (9th Cir. 2001) .......................................................................3, 4

*Padilla v. AT & T Corp.*,
697 F.Supp.2d 1156 (C.D. Cal. 2009) ...............................................................8

*Soto v. Thermo Fisher Scientific (Asheville LLC)*,
2024 WL 3834194 (N.D. Cal. Aug. 15, 2024) ............................................5, 6, 7

*Steel v. Fed. Exp. Corp.*,
2015 WL 1475942 (C.D. Cal. Mar. 31, 2015).....................................................8

*Toth v. Guardian Indus. Corp.*,
2012 WL 468244 (E.D. Cal. Feb. 13, 2012) ......................................................3

**State Cases**

*Espinoza v. Hepta Run, Inc.*,
74 Cal.App.5th 44 (2022) ..................................................................................6

*Usher v. White*,
64 Cal.App.5th 883 (2021) ................................................................................6

*White v. Ultramar, Inc.*,
21 Cal. 4th 563 (1999) .......................................................................................5

**Federal Statutes**

28 U.S.C. § 1446 .....................................................................................................4

**State Statutes**

Cal. Lab. Code § 558.1 ....................................................................................*passim*

Cal. Lab. Code § 558.1(a) ....................................................................................1, 5

Cal. Lab. Code § 558.1(b)........................................................................................1

i

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

**Rules**

Local Rule 7-3.................................................................................................2, 3

Local Rule 7-4....................................................................................................3

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

326427591v.4

## I.    INTRODUCTION

Defendants Optum Services, Inc. ("Optum") and Cary Fang (erroneously named as Cary Sang) (collectively "Defendants") properly removed this lawsuit to federal court based on diversity jurisdiction.

Plaintiff does not—and cannot—contest that Defendants properly removed this action, that complete diversity exists between Plaintiff and Optum, or that the amount in controversy exceeds $75,000.

Instead, Plaintiff's Motion to Remand hinges entirely on the presence of non-diverse, individual defendant Cary Fang, whom Plaintiff has named for the sole purpose of destroying diversity jurisdiction.  But Fang is a sham defendant against whom Plaintiff has no viable claim as a matter of law under California Labor Code § 558.1.

Plaintiff relies on Labor Code § 558.1 which provides that any "person acting on behalf of an employer, who violates or causes to be violated, any provision regulating minimum wages or hours and days of work … maybe held liable as the employer for such violation."  Cal. Lab. Code § 558.1(a).

Despite this reliance, Plaintiff has failed to allege facts that establish Fang as an "owner, director, officer, or managing agent of the employer," as required by the statute.  Cal. Lab. Code § 558.1(b) (emphasis added).  Instead, she only **suggests** it is "plausible" that he "could have" been considered a managing agent of Optum. (Dkt. 14, 2.)  Defendants, on the other hand, have shown, through declarations, that Fang does not meet the requisite criteria for individual liability pursuant to Labor Code § 558.1.

## II.    PROCEDURAL BACKGROUND

On April 8, 2026, Plaintiff Stephanie Martinez filed a Complaint in the Superior Court of California, Los Angeles County, entitled *Stephanie Martinez, an individual, Plaintiff v. Optum Services, Inc., a Delaware corporation; Cary Sang, an individual; and Does 1-100, inclusive, Defendants;*" Case No. 26NNCV02681 (the "Complaint").  The Complaint asserts seven (7) claims for: (1) "Failure to Pay Overtime Compensation"; (2) "Failure to Pay Minimum Wage"; (3) "Failure to Provide Meal Periods"; (4) "Failure

1

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

326427591v.4

to Provide Rest Breaks"; (5) "Failure to Pay Wages Due Upon Termination; Waiting Time Penalties"; (6) "Failure to Issue Accurate and Itemized Wage Statements"; and, (7) "Unlawful Business Practices in Violation of CA B&P Code 17200."

On May 8, 2026, Defendants emailed Plaintiff's counsel requesting to meet and confer, pursuant to Local Rule 7-3, regarding Plaintiff's willingness to stipulate to submitting this matter to arbitration pursuant to Plaintiff's binding arbitration agreement with Defendants. (Declaration of Jessica C. Koenig ¶ 2, "Koenig Decl.")

On May 14, 2026, Defendants timely filed Defendants' Notice of Removal to United States District Court in the United States District Court for the Central District of California. (Koenig Decl. ¶ 3.)

On May 18, 2026, having received no response to the May 8, 2026 correspondence, Defendants again emailed Plaintiff's counsel requesting to meet and confer regarding Plaintiff's willingness to stipulate to submitting this matter to arbitration. (Koenig Decl. ¶ 4.)

On May 21, 2026, having received no response to the May 18, 2026 correspondence, Defendants spoke with Plaintiff's counsel via telephone to discuss whether Plaintiff would agree to stipulate to binding arbitration. During this call, Plaintiff's counsel, Baruch Kreiman, advised that Plaintiff refused to stipulate to submitting the matter to arbitration. Plaintiff's counsel never requested to meet and confer regarding Plaintiff's anticipated Motion to Remand. (Koenig Decl. ¶ 5.)

Following the May 21 telephone discussion, Defendants emailed Plaintiff's counsel the same day to memorialize the call, stating "[t]hank you for the call today. As we discussed, you advised that your client will not stipulate to submitting this matter to arbitration and intends to oppose Defendants' anticipated motion to compel arbitration. Accordingly, Defendants will proceed with filing their motion to compel arbitration." Plaintiff's counsel, Baruch Kreiman, responded stating, "[t]hank you for your call today. That is accurate." There was no correspondence with Plaintiff's counsel regarding Plaintiff's Motion for Remand after this May 21, 2026 call. (Koenig Decl. ¶ 6.)

2

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

326427591v.4

## III.  PLAINTIFF FAILED TO MEET AND CONFER

Pursuant to Local Rule 7-3, "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution."  C.D. Cal. L.R 7-3.

As detailed above, Defendants made multiple attempts to meet and confer with Plaintiff's counsel regarding Plaintiff's willingness to stipulate to submitting this matter to arbitration pursuant to Plaintiff's binding arbitration agreement with Defendants.  Two of these attempts were after Defendants' Notice of Removal was filed (May 18 and May 21).  (Koenig Decl. ¶¶ 6-7.)  Plaintiff's counsel did not respond to the May 18 email, and while speaking via telephone on May 21, failed to mention any Motion to Remand.  Even if Plaintiff had not yet decided to file a Motion for Remand as of May 21, counsel still had to confer with Defendants before filing the motion.

Pursuant to Local Rule 7-4, "[t]he Court may decline to consider a motion unless it meets the requirements of L.R. 7-3."  C.D. Cal. L.R 7-4.  Thus, the Court should deny Plaintiff's Motion because counsel failed to meet and confer and follow the Local Rules.

## IV.  LEGAL STANDARD

A defendant's citizenship may be disregarded for diversity purposes if that party's joinder is a "sham" or "fraudulent" in the sense that no claim for relief has been properly stated against that party.  *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339-40 (9th Cir. 1987) (plaintiffs cannot derail a defendant's right to remove by the trick of naming a non-diverse defendant where no claim can properly be maintained against that nondiverse defendant).

A party is deemed to have been fraudulently joined if "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned."  *Toth v. Guardian Indus. Corp.*, 2012 WL 468244, *3 (E.D. Cal. Feb. 13, 2012).  Removal is appropriate where the complaint fails to state a cause of action against a non-diverse defendant.  *Id.* at 1339; *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067-68 (9th

3

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

326427591v.4

Cir. 2001) (holding that removal was proper and that district court "correctly ignored" joinder of a resident defendant after it was shown that plaintiff "could not possibly prevail" on her claim against them).

Furthermore, where fraudulent joinder is at issue, a district court may look beyond the pleadings because "a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

Here, neither the Complaint nor the Motion to Remand allege any facts that demonstrate Mr. Fang's authority as a managing agent of Optum.  Because Plaintiff could not possibly recover against Fang under any pleaded theory, Fang's citizenship must be disregarded for jurisdictional purposes.  Therefore, removal was proper.

**A.    Plaintiff Concedes That Defendants Complied With All Procedural Requirements For Removal Of This Action**

Plaintiff does not seek remand based on a procedural deficiency.  (Dkt. 14; *See generally* 28 U.S.C. § 1446.)  Thus, Plaintiff concedes Defendants' Notice of Removal was procedurally proper.

**B.    Plaintiff Concedes That Complete Diversity Exists Between Plaintiff And Optum Services And That The Amount In Controversy Exceeds $75,000**

Plaintiff's Motion is silent as to both Optum's citizenship and the amount in controversy.  Therefore, Plaintiff also concedes that: (1) she is a citizen of California; (2) Optum is not a citizen of California; and (3) the amount in controversy exceeds $75,000.

The only issue on remand is whether individual Defendant Fang is a fraudulently joined, sham defendant.

**C.    Non-Diverse, Individual Defendant Fang Is A Sham Defendant Because The Labor Code Violations Alleged Against Him Are Not Viable**

Defendant Fang cannot be held individually liable for any of the labor violation claims brought against him as a matter of law.  Individual liability is governed by

4

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

California Labor Code section 558.1, which provides that any "person acting on behalf of an employer, who violates or causes to be violated, any provision regulating minimum wages or hours and days of work … may be held liable as the employer for such violation." Cal. Lab. Code § 558.1(a).

### 1.    Plaintiff Did Not Allege Facts Sufficient To Establish Fang Is A Director, Officer, Or Managing Agent Of Optum

Relying on California's "liberal" pleading standard, Plaintiff asserts that her complaint "sufficiently" alleges personal liability against Fang because his liability is plausible. (Dkt. 14, at p. 2.)

However, Plaintiff ignores that to state a plausible claim for relief, one must plead facts beyond mere conclusory allegations. *Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007) (noting that "to raise a right to relief above the speculative level" and to "cross the line from conceivable to plausible," a complaint must include sufficient "factual enhancement" rather than mere "labels and conclusions.").

To state an actionable claim under Labor Code § 558.1, Plaintiff needed to allege facts that demonstrate Fang is an employee who "exercises substantial independent authority and judgment in their corporate decision-making so that their decisions ultimately determine corporate policy." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 579-80 (1999).

While Plaintiff's Complaint and Motion contain conclusory statements that Fang is a managing agent of Optum, they are devoid of any facts to that effect. In *Soto v. Thermo Fisher Scientific (Asheville LLC),* 2024 WL 3834194 at *2 (N.D. Cal. Aug. 15, 2024), the court denied a plaintiff's motion to remand, explaining that "[p]laintiff's complaint alleges no facts" describing the defendant's authority to influence corporate policy, "only the conclusion" that he was "responsible for various Labor Code violations." It also noted that "[w]hile disputed questions of fact must be resolved in Plaintiff's favor, mere legal conclusions do not create such a dispute."

5

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Here, Defendants have established that "as a Pharmacist Manager, Mr. Fang has no authority to set corporate policy." (Dkt. 5, Weedman Dec. ¶ 7.) Indeed, "Pharmacist supervisors and/or managers have no influence or involvement in setting corporate policy at any level." (*Id.*)  Just as in *Soto*, so too here, there are no disputed questions of fact because Plaintiff has only alleged conclusions.  Thus, Plaintiff has failed to adequately allege Fang was a managing agent such that he could be individually liable.  *Soto*, 2024 WL 3834194 at *2 (denying motion to remand and noting the individual defendant "is not a 'managing agent' and cannot be held liable under Labor Code Section 558.1. Plaintiff provides no other grounds for his liability. There is therefore no possibility that plaintiff will be able to state a claim against [the individual defendant] and his citizenship is properly disregarded for the purposes of diversity jurisdiction.")

### 2. Plaintiff Failed To Allege That Defendant Fang Was Personally Involved In Violations of the California Labor Code

The California Court of Appeal has consistently noted that liability under Labor Code § 558.1 does not arise solely based on a person's title or position, but instead a plaintiff "must allege facts" that show a managing agent "was engaged in 'individual wrongdoing'." *Usher v. White*, 64 Cal.App.5th 883, 895 (2021).  Similarly, in *Espinoza v. Hepta Run, Inc.*, 74 Cal.App.5th 44, 59 (2022), the court stated that "in order to 'cause' a violation of the Labor Code, an individual must have engaged in some affirmative action beyond his or her status as an owner, officer or director of the corporation." Plaintiff's allegations are inconsistent with this standard.

**First**, plaintiff's Complaint fails to allege any facts regarding Fang's individual violations of the Labor Code.  Throughout her Complaint, Plaintiff refers to both Optum and Fang collectively as "Defendants," but fails to describe any actions by Fang that caused her harm.  For example, Plaintiff alleged that "Defendants failed to compensate Plaintiff for all overtime hours worked," but did not allege any facts demonstrating how Fang was personally involved in Optum's compensation policies.  (Dkt. No. 1, Compl. ¶ 23.)  Plaintiff also alleged that "Defendants failed to pay Plaintiff minimum wage,"

6

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

again without providing facts to show how Fang was individually involved.  (Dkt. No. 1, Compl. ¶ 31.)

**Second**, Plaintiff's Motion to Remand explicitly relies on Fang's position as a manager to purportedly hold him individually liable.  Plaintiff argues that "Defendant Cary need only be a managing agent" of Defendant Optum to be liable under § 558.1." (Dkt. No. 14, Motion, at p. 10.)  Plaintiff further claims that "**as a manager,** Defendant Cary **could have had** broad discretion and authority to exercise control over certain aspects of Plaintiff's employment." (Dkt. No. 14, Motion, at p. 2.) (emphasis added). These conclusory statements are insufficient. *Soto*, 2024 WL 3834194 at *3 (denying motion to remand, "Counsel's repeated assertions that [the individual defendant] was a 'supervisor[ ] and manager[ ],' 'Plaintiff's direct supervisor,' 'Plaintiff's former supervisor,' and 'a supervisor and managing agent' all fail for the same reason.")

**Third**, Plaintiff mistakenly suggests that it is Defendants' burden to establish Fang was not personally involved.  This runs afoul to federal  pleading requirements and case law, which clearly place the burden on the plaintiff to allege facts sufficient to establish individual liability.  Notwithstanding that fact, Defendants have demonstrated that Fang was not a managing agent of Optum. Specifically, People Team Vice President Susan Weedman declared that Fang has "no authority," "influence," or "involvement" in corporate policy "at any level." (Dkt. 5, Weedman Decl., ¶ 7).  Additionally, Governance Director and Chief of Staff Kelly O'Rourke declared that Optum's "high-level officers direct, control and coordinate Optum Services' corporate activities" from its headquarters in Eden Prairie, Minnesota.  (Dkt. 4, O'Rourke Decl. ¶ 5).

Plaintiff encourages this Court to ignore this evidence because it is "self-serving" and California courts "regularly reject such declarations."  (Dkt. No. 14, Motion, at p. 8.) In doing so, Plaintiff relies primarily on *Abdelmalak v. ReOpen Diagnostics, LLC,* 2024 WL 4188284 (C.D. Cal. Sept. 13, 2024). This case stands in stark contrast to *Abdelmalak*. Here, Defendants submit declarations from non-defendant executives with first-hand knowledge of Optum's policy-making and implementation processes. Additionally,

7

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendants' declarations should be considered in light of the fact that there are no factual allegations in Plaintiff's Complaint which could serve as a basis for Fang's liability.

### 3.    The Fundamental Factual Defects in Plaintiff's Complaint Cannot Be Cured By An Amendment Because Defendants Have Demonstrated Fang Was Fraudulently Joined

As shown above, Defendant has met its burden of establishing jurisdiction with this Court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In addition, Defendant has established that leave to amend would not cure the deficiencies as detailed above. *See Padilla v. AT & T Corp.*, 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) ("Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency"); *see also Steel v. Fed. Exp. Corp.*, 2015 WL 1475942, at *4 (C.D. Cal. Mar. 31, 2015) (granting motion to remand where defendant did not show that plaintiff would not be able to cure any purported deficiencies upon being granted leave to amend complaint).

Here, this case falls squarely within the line of Ninth Circuit cases recognizing fraudulent joinder where settled state law forecloses liability.  Fraudulent joinder exists, where the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Though Plaintiff is in the best position to know how Fang's individual actions allegedly affected her employment, she has consistently failed to allege what they are. Moreover, Plaintiff assumes that Fang "could have" had discretion over her "schedule, overtime and meal and rest breaks" simply because of his title. (Dkt. No. 14, p. 11.)

While Plaintiff would have this Court rely on her conclusory assertions, there is no basis for any belief that Fang, a Pharmacist Manager, had any influence on Optum's corporate policy such that he could be held liable pursuant to Labor Code § 558.1.  Nor is there any basis for any belief that his individual actions caused violations of California labor law.  In fact, the declarations provided by Susan Weedman and Kelly O'Rourke demonstrate the opposite.  Ultimately, Fang was joined as a defendant in this suit despite

8

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

326427591v.4

the absence of any factual basis for his liability, indicating a futile attempt to destroy diversity. These deficiencies cannot be cured with an amendment.

## V.     CONCLUSION

Based on the foregoing reasons, Defendants request that the Court deny Plaintiff's Motion to Remand.

DATED: June 10, 2026

Respectfully Submitted,
SEYFARTH SHAW LLP


By: */s/ Jonathan L. Brophy*
    Jonathan L. Brophy
    Jessica C. Koenig
    Attorneys for Defendant
    OPTUM SERVICES, INC., and CARY
    FANG, erroneously named as CARY
    SANG

9

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

326427591v.4