W. Zev Abramson, Esq. #289387
wza@abramsonlabor.com
Nissim Levin, Esq. #306376
nissim@abramsonlabor.com
Baruch Kreiman, Esq. #306328
baruch@abramsonlabor.com
**ABRAMSON LABOR GROUP**
1700 W. Burbank Blvd.,
Burbank, California 91506
Tel: (213) 493-6300
Fax: (213) 336-3704

Attorneys for Plaintiff,
STEPHANIE MARTINEZ

**SEYFARTH SHAW LLP**
Jonathan L. Brophy (SBN 245223)
jbrophy@seyfarth.com
Jessica C. Koenig (SBN 340974)
jkoenig@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants,
OPTUM SERVICES, INC. and CARY FANG,
erroneously named as CARY SANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE MARTINEZ, an individual, <br><br> Plaintiff, <br><br> v. <br><br> OPTUM SERVICES, INC., a Delaware corporation; CARY SANG, an individual; and DOES 1-100, inclusive, <br><br> Defendants. | Case No. 2:26-cv-05227-SPG-MAR <br><br> **JOINT RULE 26(f) REPORT** <br><br> Date:   June 24, 2026 <br> Time:   1:30 p.m. <br> Courtroom:   5C <br><br> Complaint Filed:  April 8, 2026 <br> Answer Filed:   May 14, 2026 <br> Removal Filed:   May 14, 2026 <br> Trial Date:   None Set |

326400691v.3

Counsel for Defendants OPTUM SERVICES, INC. and CARY FANG, erroneously named as CARY SANG and counsel for Plaintiff STEPHANIE MARTINEZ hereby respectfully jointly submit this Report pursuant to Federal Rule of Civil Procedure 26(f) and this Court's May 26, 2026 Order Setting Scheduling Conference (the "Order"). (Dkt. No. 13.)

As a threshold issue, Defendants contend that it is premature for the Court to issue a Scheduling Order in this matter of Defendants intend to file a Motion to Compel Arbitration.[1]

## 1.     STATEMENT OF THE CASE

**Plaintiff's Position:**

On April 8, 2026, Plaintiff Stephanie Martinez ("Plaintiff") filed a Complaint in the Superior Court of California, Los Angeles County, entitled Stephanie Martinez, an individual, Plaintiff v. Optum Services, Inc., a Delaware corporation; Cary Sang, an individual; and Does 1-100, inclusive, Defendants;" Case No. 26NNCV02681 (the "Complaint").  The Complaint asserts seven (7) claims for: (1) "Failure to Pay Overtime Compensation"; (2) "Failure to Pay Minimum Wage"; (3) "Failure to Provide Meal Periods"; (4) "Failure to Provide Rest Breaks"; (5) "Failure to Pay Wages Due Upon Termination; Waiting Time Penalties"; (6) "Failure to Issue Accurate and Itemized Wage Statements"; and (7) "Unlawful Business Practices in Violation of CA B&P Code 17200."

Plaintiff's position is that during her employment by Defendant between November 2021 and October 2024, Defendant engaged in a practice of labor code violations, as alleged in Plaintiff's Complaint arising from failure to pay Plaintiff wages for all hours worked, as well as failure to provide timely and uninterrupted meal periods and rest breaks to Plaintiff.

---

[1]     Defendant's participation in the Rule 26(f) conference and preparation of this Joint Report are required by this Court and the Federal Rules of Civil Procedure.  By its participation herein, Defendant does not waive its right to move to compel arbitration.

326400691v.3

**Defendants' Position:**

On April 8, 2026, Plaintiff Stephanie Martinez ("Plaintiff") filed a Complaint in the Superior Court of California, Los Angeles County, entitled *Stephanie Martinez, an individual, Plaintiff v. Optum Services, Inc., a Delaware corporation; Cary Sang, an individual; and Does 1-100, inclusive, Defendants;*" Case No. 26NNCV02681 (the "Complaint"). The Complaint asserts seven (7) claims for: (1) "Failure to Pay Overtime Compensation"; (2) "Failure to Pay Minimum Wage"; (3) "Failure to Provide Meal Periods"; (4) "Failure to Provide Rest Breaks"; (5) "Failure to Pay Wages Due Upon Termination; Waiting Time Penalties"; (6) "Failure to Issue Accurate and Itemized Wage Statements"; and (7) "Unlawful Business Practices in Violation of CA B&P Code 17200."

On May 14, 2026, Defendants' timely filed their Answer to Plaintiff's Complaint.

On May 14, 2026, Defendants' timely removed the action based on diversity jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeded $75,000 and was between citizens of different states (Plaintiff is a citizen of California and Optum Services, Inc. ("Optum") is a citizen of Delaware and Minnesota). (Dkt. No. 1.) The individual defendant (and the only non-diverse defendant), Cary Fang, Plaintiff's alleged former supervisor, was fraudulently joined to defeat diversity jurisdiction. Accordingly, his citizenship should be disregarded.

On June 1, 2026, Plaintiff filed a Motion to Remand the action to state court pursuant to 28 U.S.C. § 1447(c). Defendants Opposition to Plaintiff's Motion to Remand is due on June 10, 2026. Plaintiff's Reply in support of her Motion to Remand is due June 17, 2026.

The hearing on Plaintiff's Motion to Remand is set for July 1, 2026 at 1:30 p.m. before this Court.

Plaintiff is a former employee of Defendant Optum Services, Inc. ("Optum"). During her employment, Plaintiff signed an arbitration agreement that requires her to

3

JOINT RULE 26(f) REPORT

326400691v.3

pursue relief against Defendants (if any) in arbitration.  Defendants intend to file a Motion to Compel Arbitration of Plaintiff's claims.

Further, Defendants deny that there exists any merit to Plaintiff's wage and hour claims.  At all relevant times, Optum has maintained fully compliant policies and practices with regard its employees' timekeeping, overtime, meal and rest breaks, and the payment of wages.  Defendants timely paid Plaintiff's wages during her employment and at termination, provided meal and rest breaks, and issued Plaintiff accurate wage statements.

## 2.    SUBJECT MATTER JURISDICTION

### Plaintiff's Position:

This matter does not have complete diversity because Defendant Cary Fang (sued as Cary Sang) is liable for violations of the California Labor Code and is a resident of California. Plaintiff filed a motion for remand to state court on this basis, which is set for hearing in this Court on July 1, 2026, at 1:30 p.m.

### Defendants' Position:

On May 14, 2026, Defendants' timely removed this action from the Superior Court of the State of California for the County of Los Angeles to the this Court pursuant to 28 U.S.C. § 1332.  The matter in controversy exceeds $75,000 and is between citizens of different states (Plaintiff is a citizen of California and Optum Services, Inc. ("Optum") is a citizen of Delaware and Minnesota).  (Dkt. No. 1.)[2]  The individual defendant (and the only non-diverse defendant), Cary Fang, Plaintiff's alleged former supervisor, was fraudulently joined to defeat diversity jurisdiction.  Accordingly, his citizenship should be disregarded.

_____

[2] As discussed in Defendants' Notice of Removal, Plaintiff's lost wages and penalties total at least **$40,477.50**, without factoring in Plaintiff's claims attorneys' fees,  This estimate of damages does not include Plaintiff's sixth cause of action seeking penalties for inaccurate wage statements, which is time-barred under California Code of Civil Procedure § 340, nor Plaintiff's second cause of action for Failure to Pay Minimum Wages.

4

326400691v.3

As stated above, on June 1, 2026, Plaintiff filed a Motion to Remand the action to state court pursuant to 28 U.S.C. § 1447(c). The hearing on Plaintiff's Motion to Remand is set for July 1, 2026 at 1:30 p.m. before this Court.

## 3.   LEGAL ISSUES

The Parties do not anticipate any unusual substantive, procedural or evidentiary issues in this case.

**Plaintiff's Further Position:**

Plaintiff agrees with Defendant's position set forth below regarding the operative legal issues, but adds that the issue of legal liability under California Labor Code § 558.1 is also at issue in this case.

**Defendants' Further Position:**

Defendants contend that the principal issues to be determined are:

1.    Whether Defendants properly compensated Plaintiff for all hours worked;

2.    Whether Defendants paid Plaintiff at least the applicable state and/or local minimum wage for all hours worked;

3.    Whether Defendants provided Plaintiff with compliant, duty-free meal periods during her employment;

4.    Whether Defendants authorized and permitted Plaintiff to take compliant paid rest breaks during her employment;

5.    Whether Defendants timely paid Plaintiff all final wages owed upon separation;

6.    Whether Defendants furnished wage statements that accurately and completely itemized all required information, whether any inaccuracies were knowing and intentional, and whether Plaintiff suffered injury as a result; and

7.    Whether the alleged Labor Code violations constitute unlawful, unfair, or fraudulent business practices.

JOINT RULE 26(f) REPORT

326400691v.3

## 4.    PARTIES AND EVIDENCE

The Parties to the Complaint are (1) Plaintiff Stephanie Martinez, (2) Defendant Optum, and (3) Defendant Cary Fang.[3]

**Plaintiff's Further Position:**

Based on the information known to date, given a reasonable investigation, Plaintiff believes that the following individuals are likely to have discoverable information regarding the main issues identified in the operative Complaint:

1.    Plaintiff;

2.    Plaintiff's coworkers similarly situated to her that can testify regarding employment conditions;

3.    Cary Fang, Pharmacist Manager, Prior Authorization Appeals, Optum; and

4.    Paula Banks, Senior Employee Relations Analyst, Optum.

As the case is in its nascent stages, Plaintiff is not yet able to set forth the names of all percipient witnesses that Plaintiff believes will support her case.  Plaintiff will do so in her initial disclosures and supplement those disclosures as necessary.

**Defendants' Further Position:**

Based on the information known to date, given a reasonable investigation, Defendants believe that the following individuals are likely to have discoverable information regarding the main issues identified in the operative Complaint:

1.    Plaintiff;

2.    Cary Fang, Pharmacist Manager, Prior Authorization Appeals, Optum; and

3.    Paula Banks, Senior Employee Relations Analyst, Optum.

As the case is in its nascent stages, Defendants are not yet able to set forth the names of all percipient witnesses that Defendants believe will support their case. Defendants will do so in its initial disclosures and supplement those disclosures as necessary.

---

[3] UnitedHealth Group Inc. is Optum's parent company.

6

JOINT RULE 26(f) REPORT

Without waiving its right to supplement this list, Defendants provide the following categories of non-privileged documents on the main issues of the case:

1. Plaintiff's personnel records;

2. Plaintiff's payroll records;

3. Plaintiff's punch records; and

4. Optum's Employee Handbook and any other relevant policies and procedures concerning Plaintiff's employment.

In identifying these documents, Defendants do not waive any evidentiary or other objections. Additional categories of documents that may be used to support Defendants' defenses may be identified during the course of discovery.

## 5. DAMAGES

**Plaintiff's Position:**

Plaintiff contends that any analysis of potential damages is premature pending discovery and review of time and pay records.

**Defendants' Position:**

Defendants contend that any analysis of potential damages is premature pending the resolution of Defendants' anticipated Motion to Compel Arbitration.

In the event that arbitration is not compelled and litigation proceeds in this Court, Defendants contend that Plaintiff was not injured in any way by any alleged wrongful or unlawful act or omission by Defendants and is not entitled to any damages or penalties whatsoever. Defendants reserve their right to seek recovery of costs and fees as permitted by law.

## 6. INSURANCE

Defendants currently have no applicable insurance coverage.

## 7. MOTIONS

### (a) Procedural Motions.

Defendants intend to file a Motion to Compel Arbitration. On May 21, 2026, the Parties met and conferred regarding Defendants request that Plaintiff stipulate to submit

JOINT RULE 26(f) REPORT

326400691v.3

this matter to binding arbitration.  Plaintiff refused to stipulate to submit the matter to binding arbitration.

On June 1, 2026, Plaintiff filed a Motion to Remand the action to state court pursuant to 28 U.S.C. § 1447(c).

Defendants Opposition to Plaintiff's Motion to Remand is due on June 10, 2026. Plaintiff's Reply in support of her Motion to Remand is due June 17, 2026. The hearing on Plaintiff's Motion to Remand is set for July 1, 2026 at 1:30 p.m. before this Court.

At this time, the Parties do not anticipate seeking to add new parties or causes of action, though this may change following discovery.

**(b)     Dispositive Motions.**

**Plaintiff's Position:**

Plaintiff reserves the right to file a motion for summary judgment or adjudication as well as motions in limine as necessary.

**Defendants' Position:**

Defendants intend to file a Motion to Compel Arbitration.  Should litigation alternatively proceed in this Court and not arbitration, Defendants anticipate filing a motion for summary judgment and/or partial summary judgment on each of Plaintiff's claims.

If Defendants' motion for summary judgment is not granted in its entirety, then Defendants anticipate filing motions *in limine* as necessary.

**(c)     Class Certification Motion.**

Not applicable.

**8.     MANUAL FOR COMPLEX LITIGATION**

The Parties agree that this action is not a complex matter and, thus, does not warrant the utilization of procedures from the Manual for Complex Litigation.

/ / /

/ / /

/ / /

8

JOINT RULE 26(f) REPORT

326400691v.3

## 9.   DISCOVERY

**(a)   Status of Discovery.**

**Plaintiff's Position:**

Plaintiff contends that it is premature and improper to engage in discovery because this case belongs in state court. Following a ruling on Plaintiff's Motion to Remand, Plaintiff maintains that written discovery and depositions in line with the Federal Rules is appropriate.

There are no discovery issues at present, and Plaintiff does not currently anticipate any discovery issues in the future.

**Defendants' Position:**

Defendants contend that it is premature and improper to engage in discovery because this case belongs in individual arbitration.  Pending a ruling on Defendants' anticipated Motion to Compel Arbitration, Defendants will object to any discovery.

Defendants' anticipate propounding written discovery requests to Plaintiff and noticing Plaintiff's deposition.  Defendants agree to work cooperatively to schedule depositions on dates convenient for all parties involved.

There are no discovery issues at present, and Defendants do not currently anticipate any discovery issues in the future.

**(b)   Discovery Plan.**

**Plaintiff's Position:**

Plaintiff intends to oppose the motion to compel arbitration referenced by Defendant. However, Plaintiff's concurs with the subjects of discovery set forth below.

**Defendants' Position:**

Defendants contend that it is premature and improper to engage in discovery because this case belongs in individual arbitration.  Defendants set forth the discovery plan below assuming that arbitration is not compelled and litigation proceeds in this Court.  By including the discovery plan below, Defendants do not waive their right to compel arbitration.

9

JOINT RULE 26(f) REPORT

326400691v.3

The parties propose the following discovery plan pursuant to Federal Rule of Civil Procedure 26(f)(3).

Subjects of Discovery:

i.      Plaintiff's employment history;

ii.      Plaintiff's job duties and work performed;

iii.      Plaintiff's hours worked during her employment at Optum;

iv.      Plaintiff's timekeeping practices and compliance with Optum's applicable policies during her employment;

v.      Facts supporting Plaintiff's claim for unpaid overtime, failure to minimum wages, and meal and rest period violations during her employment;

vi.      Whether Plaintiff ever complained about wage-and-hour issues during her employment, to whom, when, and the substance of such complaints, as well as failure to utilize any internal complaint mechanisms;

vii.      Plaintiff's termination from her employment with Optum and payment of final wages and any wages allegedly owed by Optum;

viii.      Plaintiff's efforts to mitigate her alleged damages, including subsequent employment, income earned, and periods of unemployment; and

ix.      Plaintiff's receipt, review, and acknowledgment of company policies regarding timekeeping, meal/rest breaks, overtime, and complaint procedures.

Phases are not necessary.

**(c)     Discovery Cut-Off.**

**Plaintiff's Position:**

Plaintiff agrees to the proposed discovery cutoff, unless a stay on discovery is imposed during the pendency of a motion to compel arbitration. If discovery is stayed, then Plaintiff proposes that the discovery cutoff be extended by a corresponding amount of time.

**Defendants' Position:**

As discussed herein, Defendants intends to file a Motion to Compel Arbitration.

10

JOINT RULE 26(f) REPORT

326400691v.3

In the event that arbitration is not compelled and litigation proceeds in this Court, Defendants propose that the fact discovery deadline be set for **January 27, 2027**, which is also listed in the attached Schedule Worksheet.

**(d)     Expert Discovery.**

**Plaintiff's Position:**

Plaintiff concurs with the expert discovery schedule.

**Defendants' Position:**

As discussed herein, Defendants intends to file a Motion to Compel Arbitration.

In the event that arbitration is not compelled and litigation proceeds in this Court, Defendants propose the following dates for expert witness disclosures and expert discovery cut-off, which are also listed in the attached Schedule Worksheet.

Expert disclosures (initial): February 10, 2027

Expert disclosures (rebuttal): February 24, 2027

Expert disclosures (cutoff): March 3, 2027

**(e)     Settlement Conference/Alternative Dispute Resolution ("ADR")**

At this time, the Parties have not engaged in settlement discussions.

The Parties are agreeable to a mandatory settlement conference before a Mediator selected from the Court's Mediation Panel.

**(f)     TRIAL**

**i.     Trial Estimate.**

The Parties request a three (3) day trial.

**Plaintiff's Further Position:**

Plaintiff intends to call four (4) witnesses.  Additional witnesses may be identified during the course of discovery.

**Defendants' Further Position:**

Defendants presently intend to call four (4) witnesses.  Additional witnesses may be identified during the course of discovery.

11

JOINT RULE 26(f) REPORT

326400691v.3

### ii. Jury or Court Trial.

As discussed herein, Defendants intends to file a Motion to Compel Arbitration. Should the Motion be denied, the Parties consent to a Jury Trial.

### iii. Consent to Trial Before a Magistrate Judge.

The Parties do not consent to try the case before a magistrate judge.

### iv. Lead Trial Counsel.

Plaintiff's lead trial counsel will be Baruch Kreiman. Nissim Levin will also participate in the trial.

Defendants' lead trial counsel will be Jonathan L. Brophy. Jessica C. Koenig will also participate in the trial.

## (g)   Independent Expert Or Master

The Parties do not anticipate utilizing an independent expert or master in this case, and do not request the Court consider appointing one.

## (h)   Other Issues

The Parties do not anticipate the necessity of any proposals regarding severance, bifurcation, or other specific orders of proof.

There is no protective order in place at this time. However, if the need arises, the Parties agree to meet and confer in good faith over the terms of a protective order and enter into a protective order prior to the production of any confidential or commercially sensitive documents in this action.

The Parties do not anticipate this case presenting any unusually complicated technical or technological issues, extraordinarily voluminous document production, witnesses who will need assistance of a court interpreter, reasonable ADA accommodations, discovery in foreign jurisdictions, the applicability of foreign law, or the advanced age or health of parties or key witnesses.

JOINT RULE 26(f) REPORT

326400691v.3

DATED: June 10, 2026                    Respectfully submitted,

                                        ABRAMSON LABOR GROUP


                                        By: */s/ Baruch Kreiman*
                                            W. Zev Abramson, Esq.
                                            Nissim Levin, Esq.
                                            Baruch Kreiman, Esq.
                                            Attorneys for Plaintiff
                                            STEPHANIE MARTINEZ

DATED: June 10, 2026                    Respectfully submitted,

                                        SEYFARTH SHAW LLP


                                        By: */s/ Jonathan L. Brophy*
                                            Jonathan L. Brophy
                                            Jessica C. Koenig
                                            Attorneys for Defendants
                                            OPTUM SERVICES, INC. and CARY
                                            FANG, erroneously named as CARY
                                            SANG

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Jonathan L. Brophy, certify that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: June 10, 2026                    Respectfully submitted,

                                        SEYFARTH SHAW LLP


                                        By: */s/ Jonathan L. Brophy*
                                            Jonathan L. Brophy
                                            Jessica C. Koenig
                                            Attorneys for Defendants
                                            OPTUM SERVICES, INC. and CARY
                                            FANG, erroneously named as CARY
                                            SANG

13

JOINT RULE 26(f) REPORT

326400691v.3

**JUDGE SHERILYN PEACE GARNETT**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
*The Court ORDERS the parties to make every effort to agree on dates.*

| Case No. 2:26-cv-05227-SPG-MAR | Case Name: STEPHANIE MARTINEZ v. OPTUM SERVICES, INC., CARY SANG, et al. | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
| Check one: ☑ Jury Trial or ☐ Court Trial ☐] Magistrate Judge (*Tuesday* at 8:30 a.m., within 12 months of Scheduling Conference) Estimated Duration: 3 Days | | 06/22/2027 | ☐ Jury Trial ☐ Court Trial |
| Final Pretrial Conference ("FPTC") [L.R. 16] **(Wednesday at 3:00 p.m., at least 18 days before trial)** | | 06/02/2027 | |

| **Event [1]** **Note:** Hearings shall be on **Wednesday** at 1:30pm Other dates can be any day of the week | **Weeks Before FPTC[2]** | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties [Wednesday] | 24 | 12/09/2026 | |
| Fact Discovery Cut-Off (No later than deadline for filing dispositive motion) | 18 | 01/27/2027 | |
| Expert Disclosure (Initial) | 16 | 02/10/2027 | |
| Expert Disclosure (Rebuttal) | 14 | 02/24/2027 | |
| Expert Discovery Cut-Off | 13 | 03/03/2027 | |
| Last Date to Hear Motions[3] <br>• Motions due at least 4 weeks before hearing; <br>• Opposition due at least 3 weeks before hearing; <br>• Reply due at least 2 weeks before hearing. | 12 | 03/10/2027 | |
| Last Date to Hear *Daubert* Motions | 8 | 04/07/2027 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one: ☐ 1. Magistrate Judge (*with Court approval*) ☑ 2. Court's Mediation Panel ☐ 3. Private Mediation | 5 | 04/28/2027 | ☐ 1. Mag. J. ☐ 2. Panel ☐ 3. Private |
| **Trial Filings (first round)** <br>• Motions *In Limine* (except *Daubert*) <br>• Memoranda of Contentions of Fact and Law [L.R. 16-4] <br>• Witness Lists [L.R. 16-5] <br>• Joint Exhibit List [L.R. 16-6.1] <br>• Joint Status Report Regarding Settlement <br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (court trial only) <br>• Declarations containing Direct Testimony, if ordered (court trial only) | 4 | 05/05/2027 | |
| **Trial Filings (second round)** <br>• Oppositions to Motions in Limine <br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7] <br>• Joint/Agreed Proposed Jury Instructions (jury trial only) <br>• Disputed Proposed Jury Instructions (jury trial only) <br>• Joint Proposed Verdict Forms (jury trial only) <br>• Joint Proposed Statement of the Case (jury trial only) <br>• Proposed Additional Voir Dire Questions, if any (jury trial only) <br>• Evidentiary Objections to Declarations. of Direct Testimony (court trial only) | 2 | 05/19/2027 | |

[1] Once issued, this "schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)4).

[2] The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions and ERISA cases may need to vary from the above.

[3] Before filing Rule 56 motions, parties must review and comply with the Court's Standing Order for MSJ, which sets forth the briefing schedule and specific requirements for joint briefing and filing such motions.