W. Zev Abramson, Esq. #289387
wza@abramsonlabor.com
Nissim Levin, Esq. #306376
nissim@abramsonlabor.com
Baruch Kreiman, Esq. #306328
baruch@abramsonlabor.com
**ABRAMSON LABOR GROUP**
1700 W. Burbank Blvd.,
Burbank, California 91506
Tel:   (213) 493-6300
Fax:   (213) 336-3704

Attorneys for Plaintiff,
STEPHANIE MARTINEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE MARTINEZ, an individual,<br><br>      Plaintiff,<br><br>      vs.<br><br>OPTUM SERVICES, INC., a Delaware corporation; CARY SANG, an individual; and DOES 1-100, inclusive<br><br>      Defendants. | Case No.: 2:26-cv-05227-SPG-MAR<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO STATE COURT PURSUANT TO 28 USC §1447(c)**<br><br>Date:      July 1, 2026<br>Time:     1:30 p.m.<br>Courtroom: 5C<br>Judge:   Hon. Sherilyn Peace Garnett |

///

///

///

1

## REPLY

### I.   DEFENDANTS FAIL TO MEET THEIR HEAVY BURDEN OF ESTABLISHING FRAUDULENT JOINDER

Defendants OPTUM SERVICES, INC. ("Optum") and CARY FANG, named in this matter as CARY SANG, (collectively referred to as, "Defendants") does not dispute that complete diversity is absent if Defendant CARY FANG/CARY SANG's ("Cary") California citizenship is counted. Defendants also do not dispute that Plaintiff and Cary are both citizens of California. The sole question before this Court is whether Defendants have established, by clear and convincing evidence, that there is no possibility that Plaintiff can state a claim against Cary under California Labor Code § 558.1. Defendants have not.

"There is a presumption against finding fraudulent joinder, and defendants who assert that a plaintiff has fraudulently joined a party carry a heavy burden of persuasion." (*Plute v. Roadway Package Sys., Inc*. 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001)). "If there is even a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." (*Grancare, LLC v. Thrower* 889 F.3d 543, 548 (9th Cir. 2018)).

Defendants have not met this standard. Their Opposition and the accompanying Declaration of Jessica C. Koenig do not establish that it is impossible

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO STATE COURT

for Plaintiff to state a claim against Cary. Defendants merely argue that the current allegations are insufficient under a 12(b)(6) standard, which is not the proper test at this current stage of litigation. (*Grancare,* 889 F.3d at p. 549).

## II.    MEET AND CONFER EFFORTS WERE EXHAUSTED

Defendants claim that Plaintiff's counsel "still had to confer with Defendants before filing" the Motion for Remand at issue. (Opposition 7:11-12). However, Defendants admit that they met and conferred with Plaintiff's counsel regarding a stipulation to transfer this case to arbitration. (Koenig Decl. ¶¶ 6-7). These meet and confer efforts with Defendants' counsel regarding arbitration along with Defendants' act of removal evidently shows that Defendants would take any and all course of action to keep this matter out of state court. There was clearly no potential resolution that could be reached with regards to forum, and requiring Plaintiff to meet and confer with Defendants prior to filing this Motion would have simply delayed the filing, instead of obviating the need for it. Plaintiff, therefore, asks that the Court exercise its discretionary authority and consider the substance of this Motion.

///

///

///

///

### III. DEFENDANTS FAILED TO ESTABLISH THAT THERE IS NO POSSIBILITY THAT PLAINTIFF CANNOT STATE A CLAIM AGAINST DEFENDANT CARY

Where "arguments go to the sufficiency of the complaint, rather than to the possible viability of the [plaintiff's] claims . . . they do not establish fraudulent joinder." (*Grancare, LLC*, 889 F.3d at 552).

Defendants' Opposition fails because they repeatedly argue about the sufficiency of Plaintiff's Complaint, rather than focusing on whether Plaintiff can state a claim against Defendant Cary. Defendants also improperly attempt to shift the burden of proof onto Plaintiff by claiming that "the burden [is] on the plaintiff to allege facts sufficient to establish individual liability." (Opposition 7:15-16). It is Defendants' burden to establish that Removal was proper, yet Defendants are arguing that the roles are reversed, and Plaintiff has an exacting standard. This is not accurate.

In *GranCare, LLC v. Thrower* 889 F.3d 543, 548 (9th Cir. 2018), the Ninth Circuit held that ***a defendant must show by clear and convincing evidence that there is no possibility a plaintiff could recover against a non-diverse defendant to establish fraudulent joinder***. Defendants do not offer any legal argument or case law that establishes, by clear and convincing evidence, that it is *impossible* for Plaintiff to recover against Defendant Cary. The Ninth Circuit held that a defendant

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO STATE COURT

seeking removal had a "heavy burden" and that the court often looked to situations where a defendant presented "extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant" in order to uphold rulings finding fraudulent joinder. ([e.g. *McCabe v. Gen. Foods Corp.* 811 F.2d 1136, 1339 (9th Cir. 1987)]; *GranCare* at 548).

The authorities that Defendants relied upon in their Opposition either do not relate to the issue of Labor Code § 558.1 or analyzes the Labor Code § 558.1 claims under a motion for summary adjudication standard, which is not the same as the fraudulent joinder standard. (e.g. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007) was an antitrust conspiracy action regarding what a plaintiff must plead in order to state a claim under the Sherman Act; *Espinoza v. Hepta Run*, 74 Cal.App.5th 44 (2022) was about whether there was substantial evidence that supported a finding of individual liability under Labor Code § 558.1 on a motion for summary adjudication).

Plaintiff is not required to prove by a preponderance of the evidence that Defendant Cary was in violation of the wage-and-hour causes of action alleged in her Complaint at the current pleading stage of litigation. Plaintiff merely has to ***plead*** that Defendant Cary violated her rights under the California Labor Code, and he ***could*** be held liable under Labor Code § 558.1. Discovery in this matter will uncover

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO STATE COURT

additional facts one way or the other, and Defendants are free to take procedural action when the time comes if they believe that Plaintiff has failed to establish that there is a dispute over the applicable material facts. However, at this stage, Defendants have failed to meet their burden for removal. Defendants' argument that "this runs afoul to [sic] federal pleading requirements and case law" is based on a misunderstanding of the burden of proof.

### IV.    THE ISSUES RAISED IN DEFENDANTS' DECLARATIONS ARE IRRELEVANT

Defendants' reliance on *Soto v. Thermo Fisher Scientific (Asheville LLC)*, No. C 24-02997 WHA, 2024 WL 3834194 (N.D. Cal. Aug. 15, 2025) is misplaced as that case is distinguishable. In *Soto*, the court denied remand because the defendants' declarations were "uncontested" and the complaint "d[id] not otherwise acknowledge" the individual defendant. (*Id*. at p. 2). Here, Plaintiff contests the relevance of the declarations provided in support of Defendants' Opposition and, unlike in *Soto*, Defendants have not included a declaration from Cary himself. (*Id*.)

In support of their Removal, Defendants submitted the Declarations of Kelly O'Rourke and Susan Weedman. (Dkts. 4 and 5). Much of the testimony in these declarations is not relevant for the purposes of the narrow issue being decided here. For example, Defendants' Opposition refers to Susan Weedman's declaration that "Fang has 'no authority,' 'influence,' or 'involvement' in corporate policy 'at any

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO STATE COURT

level.'" (Opposition 7:17-19; Dkt. 5, Weedman Decl. ¶ 7). This is irrelevant. There is no requirement that under Labor Code § 558.1 that Defendant Cary had actual authority, influence or involvement in the creation of corporate policy. Under *White v. Ultramar* 21 Cal.4th 563 (1999), **the inquiry is the degree of discretion that an employee has in carrying out the employer's policies**, not whether the employee had actual authority to influence or involve themselves in the creation of corporate policy. **An employee need not be able to create or modify express corporate policy to be categorized as a "managing agent," but can merely implement or facilitate ad hoc policy**. (*White*, 21 Cal.4th at 582).

Similarly, the Declaration of Governance Director and Chief of Staff Kelly O'Rourke offers irrelevant testimony in stating that "Optum's 'high-level officers direct, control and coordinate Optum Services' corporate activities' from its headquarters in Eden Prairie, Minnesota.'" (Opposition 7:19-22; Dkt. 4 O' Rourke Decl. ¶ 5). In fact, this testimony supports Plaintiff's allegations of individual liability against Defendant Cary under Labor Code § 558.1 because Plaintiff and Defendant Cary worked in California so Optum's high-level officers in Minnesota, including Ms. O'Rourke and Ms. Weedman, do not have personal knowledge or have not established the necessary foundation to support any claims that Defendant Cary did not have discretion to arbitrarily implement or facilitate Optum's policies

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO STATE COURT

in California. The only person who could personally attest to Defendant Cary's actions is Defendant Cary and his declaration is notably absent.

Defendants chose to rely on the declarations of individuals who never worked or apparently interacted with Defendant Cary. There was nothing preventing Defendant Cary from submitting a declaration where he would attest under penalty of perjury that he did not ever engage in the behavior in question. However, he chose not to do so, and the absence of that evidence coupled with the generic, arms-length declarations of individuals who lack firsthand knowledge of the relevant facts shows that Defendants fail to meet their burden.

## V.    CONCLUSION

For the reasons discussed above and those discussed in Plaintiff's Motion, Plaintiff respectfully requests that the Court find that Defendant Cary is a properly joined defendant and remand this action to the Superior Court of California, County of Los Angeles, for lack of complete diversity.

DATED: June 17, 2026                                 **ABRAMSON LABOR GROUP**

By: _____
Baruch Kreiman, Esq.
Attorneys for Plaintiff,
STEPHANIE MARTINEZ

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO STATE COURT