JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE MARTINEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>OPTUM SERVICES, INC., a Delaware corporation; CARY SANG, an individual; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:26-cv-05227-SPG-MAR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF NO. 14]** |

Before the Court is the Motion to Remand, (ECF No. 14 ("Motion")), filed by Plaintiff Stephanie Martinez ("Plaintiff"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

## I. BACKGROUND

The following allegations are taken from Plaintiff's Complaint. (ECF No. 3 at 22-31 ("Complaint")). Plaintiff was employed by Defendant Optum Services, Inc. ("Optum") as a Pharmacist from November 29, 2021, until her termination at an unspecified time. (*Id.* ¶ 9). Defendant Cary Fang ("Fang" or, together with Optum, "Defendants") was her

supervisor.[1] (*Id.* ¶¶ 3-5).  Plaintiff alleges that she was a non-exempt employee who would consistently work an extra hour off the clock after completing each scheduled eight-hour shift.  (*Id.* ¶¶ 10-12).  Plaintiff also alleges that Defendants prevented, delayed, or interrupted her from at least five meal periods and five rest breaks each week by giving her voluminous amounts of work and pressuring her to finish it during her shift.  (*Id.* ¶ 13).

Plaintiff initiated this case on April 8, 2026, in Los Angeles County Superior Court. Plaintiff alleges that Optum is a Delaware corporation, while Fang is a resident of California.  (*Id.* ¶¶ 2-3).  Plaintiff raises claims of failure to pay overtime compensation, failure to pay minimum wage, failure to provide meal periods, failure to provide rest breaks, failure to pay wages due upon termination, and failure to issue accurate and itemized wage statements against all Defendants.  (*Id.* ¶¶ 18-62).  Plaintiff also raises a claim under California's Unfair Competition Law ("UCL") against Optum.  (*Id.* ¶¶ 62-67).

Defendants removed the case to this Court on May 14, 2026.  (ECF No. 1). Defendants' removal notice is accompanied by declarations from Kelly O'Rourke, (ECF No. 4 ("O'Rourke Declaration")), and Susan Weedman, (ECF No. 5 (("Weedman Declaration")).  In her declaration, O'Rourke explains that she is Director and Chief of Staff for UnitedHealth Group Incorporated ("UHG") and is familiar with Optum's corporate structure because of this role.  (O'Rourke Decl. ¶¶ 2-3).  O'Rourke attests that Optum's principal place of business is in Minnesota.  (*Id.* ¶ 5).  In her declaration, Weedman explains that she is the Vice President of UHG's People Team and has familiarity with Optum and its employees because of this role.  (Weedman Decl. ¶ 2).  She attests that Plaintiff worked for Optum from April 29, 2024, to October 11, 2024.  (*Id.* ¶ 3). She also attests that all corporate policy is determined at the Minnesota headquarters.  (*Id.* ¶ 7).  Finally, she states that Fang's role for Optum is as a Pharmacist Manager who implements the policies promulgated by Optum's Minnesota headquarters.  (*Id.* ¶¶ 3, 7).

On June 1, 2026, Plaintiff filed the instant Motion, seeking remand to Los Angeles County Superior Court based on lack of diversity jurisdiction.  *See* (Mot.).  On June 10,

---

[1] The parties agree that Fang was incorrectly named as "Cary Sang" in the Complaint.

-2-

2026, Defendants filed their opposition to the Motion, in which they argue that Fang has been fraudulently joined as a defendant and that diversity jurisdiction is otherwise present.[2] (ECF No. 15 ("Opposition")).  Plaintiff replied in support of the Motion on June 17, 2026. (ECF No. 19 ("Reply")).

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, with subject-matter jurisdiction only over matters authorized by the Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or there is diversity jurisdiction under 28 U.S.C. § 1332. Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

The removal statute is strictly construed against removal jurisdiction.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).  There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'"  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566).  Courts resolve any doubt

---

[2] Defendants also argue that the Court should deny the Motion based on Plaintiff's Counsel's failure to meet and confer.  *See* (Opp. at 7; ECF No. 16).  In the Reply, Plaintiff's Counsel states that any meet-and-confer obligation was exhausted by the parties' conference regarding Defendants' anticipated motion to compel arbitration.  (Reply at 3). The Court disagrees that the earlier conference obviated the need to meet and confer in connection with this Motion.  *See* C.D. Cal. L.R. 7-3.  However, because this Motion contests the Court's subject matter jurisdiction, the Court will consider the merits notwithstanding Plaintiff's Counsel's failure to comply with the Local Rules.

about the right of removal in favor of remand. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

## III.   DISCUSSION

The parties agree as to the basic jurisdictional facts of this case, including that the amount in controversy exceeds $75,000, that Plaintiff and Optum are of diverse citizenship, and that Fang is a citizen of California whose presence in this action would defeat diversity jurisdiction. The sole disputed issue in this Motion is whether Fang was properly named as a defendant or has been fraudulently joined.

Under the doctrine of fraudulent joinder, "courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC*, 889 F.3d at 548. A defendant may establish fraudulent joinder by showing either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citation omitted). Under the latter approach, a removing defendant must show not only that the plaintiff has failed to state a claim but also that the "failure is obvious according to the settled rules of the state." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citation omitted). As part of this inquiry, courts must consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare, LLC*, 889 F.3d at 550. "If there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (citation omitted).

The parties dispute to what extent the Court should consider Defendants' declarations. Plaintiff argues that they are "self-serving and . . . conclusory." (Mot. at 8). In evaluating a fraudulent joinder argument, courts may consider "summary judgment-type evidence such as affidavits and deposition testimony." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citation omitted). However, courts must "resolve all issues of fact and all ambiguities in the law in favor of the non-removing party." *Sanchez*

-4-

*v. Lane Bryant, Inc.*, 123 F. Supp. 3d 1238, 1241-42 (C.D. Cal. 2015); *see also Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) ("In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.").  Accordingly, the Court will consider the declarations except insofar as they serve only to contest factual allegations in Plaintiff's Complaint.

Defendants assert that Fang is fraudulently joined because he is not individually liable under California Labor Code § 558.1 for Plaintiff's wage-and-hour claims.  (Opp. at 10).  Section 558.1 provides that any "employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work . . . may be held liable as the employer for such violation."  Cal. Lab. Code § 558.1(a).  The term "other person acting on behalf of an employer" is defined as an "owner, director, officer, or managing agent of the employer."  *Id.* § 558.1(b). Whether a supervisor is a managing agent depends on "the extent to which they exercise substantial discretionary authority over decisions that ultimately determine corporate policy."  *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 577 (1999).

The parties agree that Fang was not an owner, director, or officer of Optum and that each of Plaintiff's claims against him fall under the relevant provisions regulating minimum wages and hours or days of work.  Thus, the parties' only dispute is whether Fang was a managing agent for Optum pursuant to § 558.1.

With this background in mind, the Court now turns to Defendants' arguments in favor of fraudulent joinder.  First, Defendants argue that, because all of Optum's policies were set at the Minnesota headquarters, Fang could not have had substantial authority over determining corporate policy.  (Opp. at 11).

The Court disagrees.  While it is uncontested that Fang did not participate in the creation of policy at Optum's headquarters, California courts have routinely held that "managing agents are not limited to those individuals with the ability to set handbook policies."  *Colucci v. T-Mobile USA, Inc.*, 48 Cal. App. 5th 442, 453 (2020).  Instead,

-5-

determining "[t]he scope of a corporate employee's direction and authority . . . [is] a question of fact for decision on a case-by-case basis." *White*, 21 Cal. 4th at 567. This rule is designed to prevent a company from "insulat[ing] itself from liability by giving an employee a nonmanagerial title and relegating to him crucial policy decisions." *Egan v. Mut. of Omaha Ins. Co.*, 24 Cal. 3d 809, 823 (1979) (citation omitted). Thus, the fact that Fang did not set Optum's corporate policy at its Minnesota headquarters does not, by itself, demonstrate that Fang was fraudulently joined.

Second, Defendants argue that Plaintiff has not pleaded any facts that show Fang was a managing agent. (Opp. at 9-10). Defendants also contend that no amount of amendment could cure this deficiency in Plaintiff's claims against Fang. (*Id.* at 12-13).

The Court agrees that Plaintiff's Complaint does not adequately articulate facts demonstrating that Fang is a managing agent for Optum. Presently, the Complaint only alleges that Fang "sufficiently participated, influenced, and/or oversaw the activities and operations of Optum Services" in a way that violated Plaintiff's rights. (Compl. ¶¶ 4-5). This is insufficient to plausibly allege that Fang had a sufficient "degree of discretion" in determining corporate policy to qualify as a managing agent. *Egan*, 24 Cal. 3d at 822-823. However, "a claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Grancare, LLC*, 889 F.3d at 549. To demonstrate fraudulent joinder, Defendants bear the further burden to prove that there is "no possibility that the plaintiff could prevail on any cause of action it asserted against the non-diverse defendant." *Gonzalez v. J.S. Paluch Co., Inc.*, No. CV 12-08696 DDP (FMOx), 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013).

The Court disagrees that there is no possibility that Plaintiff could state a claim against Fang. California courts have routinely found that a local or regional supervisor can qualify as a managing agent. *See, e.g.*, *Mazik v. Geico Gen. Ins. Co.*, 35 Cal. App. 5th 455, 465-466 (2019) (affirming jury verdict that "regional liability administrator" who supervised over 100 claims adjusters was a managing agent of national insurance company); *White*, 21 Cal. 4th at 577 (finding that "zone manager" responsible for

managing eight stores and sixty-five employees qualified as a managing agent). In fact, courts have suggested that even a non-supervisory employee could be a managing agent if given discretionary authority. *Egan*, 24 Cal. 3d at 823. Outside of noting that Fang's job involves implementing the policy set by Optum's headquarters, Defendants do not offer any additional details about what his role entails. *See* (Weedman Decl. ¶ 7). While implementing policies alone is unlikely to influence corporate policy in a way that affects a substantial portion of Optum, it does not foreclose the possibility that Fang has the "broad authority" required of a managing agent. *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 715 (2009).

In their Opposition, Defendants rely on *Soto v. Thermo Fisher Science (Asheville LLC)*, No. C 24-02997 WHA, 2024 WL 3834194 (N.D. Cal. Aug. 15, 2024), to support their argument that the Court can reach the legal conclusion Fang was not a managing agent. (Opp. at 9-10). However, the *Soto* Court had additional information concerning the supervisor's role that enabled it to make that decision. In *Soto*, the defendant supervisor submitted an "uncontested" declaration in which he described what his role does for the defendant company. *Soto*, 2024 WL 3834194, at *2-3. This was accompanied by other supporting declarations providing context for how the supervisor's role fit into the company hierarchy and articulating the lack of discretion the supervisor had in implementing corporate policies. *Id.* In the present case, Defendants have not provided sufficient information for the Court to discern how much influence Fang's role has within Optum and how much discretion he has when implementing its policy. As Plaintiff points out in her Reply, Defendants could have submitted a declaration from Fang, a current Optum employee, to clarify these issues, but did not. (Reply at 8).

Absent a clearer description of what Fang's job for Optum entails, the Court cannot conclude that Plaintiff is legally unable to bring a claim against Fang and that amendment would be fruitless. *See Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) ("Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." (internal

quotation marks, citation, and alterations omitted)); *Grancare*, 889 F.3d at 550 (stating that a "deficiency in the complaint [that] can possibly be cured by granting the plaintiff leave to amend" is not a reason to deny a motion to remand). Accordingly, diversity of citizenship is lacking, and the Court lacks original jurisdiction over this action.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion. This action is REMANDED to the Los Angeles County Superior Court, and this case is closed.

**IT IS SO ORDERED.**

DATED: July 7, 2026

_____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE